IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs/Judgment Creditors, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| ASM GROUP, INC., a corporation, | ) ) | NO. 06 C 4400 |
| Defendant/Judgment Debtor, | ) ) ) | JUDGE MATTHEW KENNELLY |
| and | ) ) | |
| FIFTH THIRD BANK, | ) ) | |
| Citation Respondent. | ) | |

**MOTION FOR ENTRY OF JUDGMENT AGAINST FIFTH THIRD BANK
FOR ITS VIOLATION OF A CITATION TO DISCOVER ASSETS**

NOW COME Plaintiffs/Judgment-Creditors, Iron Workers' Mid-America Pension Plan, *et al.* ("Funds"), by their attorneys, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure ILCS 5/2 1402(f)(1), and request entry of judgment against Third Party Citation Respondent, Fifth Third Bank ("Bank") for its failure to comply with the citation to discover assets that the Funds served upon it on September 23, 2008. In support of their motion, the Funds state as follows:

1. In August 2006, the Funds filed suit against Defendant/Judgment Debtor, ASM Group, Inc. ("ASM") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145, for its failure to submit required fringe benefit contributions to the Funds.

2. On October 23, 2006, the Funds obtained default judgment against ASM in the amount of $53,222.08.

3. Since that time, ASM has submitted partial payments to the Funds and the Funds have collected assets through post-judgment proceedings, in partial satisfaction of the judgment.

4. On September 23, 2008, the Funds served a citation to discover assets upon Fifth Third Bank.

5. At the time the Funds served the citation upon the Bank, the judgment balance was $23,627.71.

6. On September 25, 2008, the Bank submitted an answer to the interrogatories that accompanied the citation which indicated that "no funds" were available from ASM's bank account.

7. Shortly thereafter, the Funds obtained a copy of a check that ASM issued to another entity around the time that the citation was served upon Fifth Third Bank, prompting further investigation regarding the Bank's compliance with the injunctive provisions of the citation.

8. On October 16, 2008, Fund Counsel requested an updated answer to the citation from Fifth Third Bank.

9. On October 24, 2008, Fifth Third Bank submitted an amended answer to the citation, indicating that it was holding $5,815.03 of ASM's assets in the company's bank account.

10. On November 6, 2008, a citation examination of ASM Group, Inc.'s chief executive officer produced a September 2008 bank statement from Fifth Third Bank.

11. The bank statement revealed that after the Funds served the citation upon Fifth Third Bank, more than $37,000 in ASM Group, Inc. assets were deposited into the subject account.

12. The bank statement also revealed that despite the citation, Fifth Third Bank allowed more than $30,000 in ASM assets to be transferred or disposed from the bank account.

13. The citation and its injunctive provisions have been in effect on Fifth Third Bank since September 23, 2008.

14. Fifth Third Bank violated those injunctive provisions and the lien on ASM assets that the Funds perfected upon service of the citation to discover assets on September 23, 2008.

15. On November 12, 2008, the Funds obtained a turn over order against Fifth Third Bank for the $5,815.03 identified in the Bank's amended answer.

16. The Funds received a check from Fifth Third Bank in the amount of $5,815.03, thereby reducing the judgment balance to $17,812.68.

17. The proper remedy for Fifth Third Bank's violation of the citation, pursuant to 735 ILCS 5/2 1402(f)(1), is judgment against it in the amount of the judgment balance ($17, 812.68), plus costs and fees ($3,441.25) incurred by the Funds as a result of the violation.

WHEREFORE, for all of the above reasons, and those stated in the Memorandum In Support of the Funds' Motion for Entry of Judgment, the Funds respectfully request that this Court enter judgment against Fifth Third Bank in the total amount of **$21,253.93**.

Respectfully submitted,

/s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com
I:\MIDJ\ASM Group\2006\mot judgment Fifth Third Bank.wpd

# CERTIFICATE OF SERVICE

        The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion for Entry of Default and Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by regular U.S. Mail and facsimile to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 14th day of November 2008:

        Kori M. Bazanos
        Law Offices of Kori M. Bazanos
        100 West Monroe Street, Suite 2100
        Chicago, Illinois 60603
        Tel 312. 578.0410
        Fax 312.578.0420
        kori@bazanoslaw.com

        Ms. S. Cele, Clerk
        Fifth Third Bank Operations, Legal Entry
        5050 Kingsley Dr.
        Cincinnati, OH 45263
        Fax 513.358.1279

        /s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com
I:\MIDJ\ASM Group\2006\mot judgment Fifth Third Bank.wpd